UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY LIGHTELL, on behalf of herself and all others similarly situated, | Civil Case No.: |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| FOSTER AND MONROE LLC, | |
| Defendant(s). | |

Plaintiff, ASHLEY LIGHTELL, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, FOSTER AND MONROE LLC ("FOSTER AND MONROE"), and John Does 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the Defendant maintains a location there and does business in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Mississippi and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. FOSTER AND MONROE maintains a location at 3770 Transit Road, Orchard Park, New York 14127.

8. Upon information and belief, FOSTER AND MONROE uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. FOSTER AND MONROE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New York

consumers and their successors in interest (the "Class"), who were subject to collection attempts which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who FOSTER AND MONROE sent initial letters and/or notices which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form of conduct;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without

remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to March 11, 2022, Plaintiff allegedly incurred a financial obligation to PLAIN GREEN LLC ("PLAIN GREEN").

16. The PLAIN GREEN obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The PLAIN GREEN obligation did not arise out of a business transaction.

18. The PLAIN GREEN obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. PLAIN GREEN is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to March 11, 2022, PLAIN GREEN allegedly, either directly or through intermediate transactions assigned, placed, or transferred the PLAIN GREEN obligation to FOSTER AND MONROE for the purpose of collection.

21. At the time PLAIN GREEN assigned, placed or transferred the PLAIN GREEN obligation to FOSTER AND MONROE, the obligation was in default.

22. FOSTER AND MONROE caused to be delivered to Plaintiff a letter dated March 11, 2022, concerning the alleged PLAIN GREEN obligation. A copy of said letter is annexed

hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

23. The March 11, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24. The March 11, 2022 was the initial written communication that Plaintiff received from FOSTER AND MONROE.

25. No other written communication was received by Plaintiff from FOSTER AND MONROE within five days of the March 11, 2022 letter regarding the PLAIN GREEN obligation.

26. Upon receipt, Plaintiff read the March 11, 2022 letter.

27. The March 11, 2022 letter provided the following information regarding the balance claimed due on the PLAIN GREEN obligation:

    Total amount of the debt now:    $4,270.02

28. The March 11, 2022 letter advised Plaintiff that she should make her check payable to FREDERICK DEBT MANAGEMENT.

29. The March 11, 2022 letter stated in part:

**How can you dispute the debt?**

- **Call or write us by 4/1/2022, to dispute all or part of the debt.** If you do not we will assume that our information is correct.

- **If you write to us by 4/1/2022,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

**What else can you do?**

- **Write to ask the name and address of the original creditor, if different from the current creditor.** If you write by **4/1/2022**, we must stop collection until we send you that information.

30. 15 U.S.C. § 1692g(a)(3), (4) and (5) provide that a consumer has 30 days from receipt to dispute the debt or request the name and address of the original creditor.

31. The March 11, 2022 letter does not provide Plaintiff with the full 30-day period to either dispute the debt or request the name and address of the original creditor.

32. The March 11, 2022 letter does not comply with Plaintiff's rights under the FDCPA.

33. Plaintiff relied on the statements in Defendant's March 11, 2022 letter, and it affected her decision making.

34. FOSTER AND MONROE knew or should have known that its actions violated the FDCPA.

35. FOSTER AND MONROE could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

36. It is Defendants' policy and practice to violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Overshadowing and/or contradicting the notices required by the FDCPA; and

    (c) Failing to properly provide the notices required to be provided by the FDCPA.

37. On information and belief, there are at least 40 natural persons in the state of New York with one year of this Complaint who were subject to the conduct complained of herein.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

38. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

39. Collection letters and/or notices, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

40. As described herein, Defendant violated 15 U.S.C. §1692e.

41. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

42. As described herein, Defendant violated 15 U.S.C. §1692e(10).

43. As described herein, Defendant violated 15 U.S.C. §1692g(a) et al.

44. As described herein, Defendant violated 15 U.S.C. §1692g(a)(3).

45. As described herein, Defendant violated 15 U.S.C. §1692g(a)(4).

46. As described herein, Defendant violated 15 U.S.C. §1692g(a)(5).

47. As described herein, Defendant violated 15 U.S.C. §1692g(b).

48. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

49. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

50. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

51. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

52. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

53. Plaintiff has suffered damages and other harm as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: May 10, 2022

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Plaza
60 East 42nd. Street, 46th Floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

**Foster & Monroe LLC**
Post Office Box 1031
West Seneca, New York 14224

Ashley Imhoff

### How can you dispute the debt?

- Call or write to us by 4/1/2022, to dispute all or part of the debt. If you do not, we will assume that our informant is correct.

- If you write to us by 4/1/2022, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

### What else can you do?

- Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by 4/1/2022, we must stop collection until we send you that information.

- You may use the form below or write to us without the form.

- Go to **www.cfpb.gov/debt-collection** to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options at **855-232-9618** or **fosterandmonroe.com**

**Foster & Monroe, LLC is a debt collector.** We are trying to collect a debt that you owe to **PLAIN GREEN LLC**. We will use any information you give us to help collect the debt.

**Our information shows:**

You had a debt that originated with **PLAIN GREEN LLC**, with account number ▮▮▮▮

Total amount of the debt now:     $4,270.02

**Settlement opportunity**

We have been authorized to resolve the outstanding balance for **$2,135.01**. Upon clearance of funds, your account will be updated as paid in full. This offer will expire on **4/1/2022** and we are not obligated to renew this offer. Please be advised that this settlement offer and the deadline for accepting it do not in any way affect your right to dispute this debt and request validation of the debt as set forth within this letter. If you do not accept this settlement offer, you are not giving up any of your rights regarding this debt.

---

Mail this form to:

Foster & Monroe, LLC
Post Office Box 1031
West Seneca, New York 14224

Ashley Imhoff

### How do you want to respond?

*Check all that apply:*

☐ **I enclosed this amount:** $ _____
Make your check payable to Frederick Debt Management. Include the reference number **HPH2197**

☐ Quiero este formulario en espanol.